IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ULTIMATE RESORT HOLDINGS, LLC, )
)
    Plaintiff, )
)
v. ) CASE NO. CV408-070
)
ULTIMATE RESORT NETWORK, LLC, )
)
    Defendant. )
)

## O R D E R

Before the Court is Plaintiff Ultimate Resort Holdings's Motion for Default Judgment. (Doc. 14.) After careful consideration and for the reasons that follow, the Motion is **GRANTED IN PART** and **DENIED IN PART**. Further, Defendant Ultimate Resort Network is **ENJOINED** from using Ultimate Resort Holdings's trademark ULTIMATE RESORT, Registration Number 3223509, on the website http://ultimateresortnetwork.com or in its business. Defendant is **DIRECTED** to cancel, transfer, or otherwise change Defendant's domain name and website, http://ultimateresortnetwork.com, to remove the use of the Trademark. The **Clerk of Court** is DIRECTED to **ENTER JUDGMENT** consistent with this Order and **CLOSE THIS CASE**.

## BACKGROUND

This case arises from a dispute over the use of the Trademark ULTIMATE RESORT.[1] Plaintiff Ultimate Resort Holdings operates a luxury destination club that provides its members access to various world resorts. As a part of its business, Plaintiff acquired the federally registered trademark ULTIMATE RESORT, Registration Number 3223509 ("the Trademark"). (Doc. 1 ¶¶ 6, 7.) Plaintiff has employed the Trademark as a "trade name and service mark" continuously since February 4, 2005. (Id. ¶ 8.) Through the use of the Trademark in connection with Plaintiff's goods and services, the Trademark had developed distinctiveness, and become associated with Plaintiff's goods, services, and "enormous" industry goodwill. (Id. ¶¶ 10-12.)

Defendant Ultimate Resort Network, which offers products and services similar to Plaintiff, used the Trademark to further its business by including the Trademark in various places on its website. (Id. ¶ 14, ¶ 15, Ex. B.) Noting the violation, Plaintiff sent Defendant a notice to cease and desist use of the Trademark, placing

---

[1] When considering a Motion for Default Judgment, the factual allegations in the complaint are assumed to be true. Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

Defendant on notice of its trademark infringement. (Id. ¶¶ 17, 18.) Plaintiff sent the same cease and desist letter to Larry Amato, the contact listed on Defendant's website. (Id. ¶ 19.) After receiving the cease and desist letter, the parties had a phone conversation, during which Defendant agreed to discontinue the use of "Ultimate Resort" on its website and in its domain name. (Id. ¶¶ 20-22.) However, Defendant never honored this agreement, instead continuing to use the Trademark in its business. (Id. ¶¶ 24, 25.)

On April 7, 2008, Plaintiff filed a Complaint in this Court alleging breach of contract, trademark infringement, unfair competition, and deceptive trade practices. (Doc. 1.) Plaintiff sought both monetary and injunctive relief. (See id.) A Summons was issued as to Defendant on April 7, 2008, but Defendant never responded. (See Doc. 3.) On October 20, 2008, Plaintiff moved the Clerk of Court for an Entry of Default. (Doc. 12.) The next day, the Default was entered. (Doc. 13.) Plaintiff then filed this Motion, seeking entry of a default judgment against Defendant. (Doc. 14.) This Motion abandons all claims for monetary damages and asks only that the Court issue an injunction requiring the Defendant to cease the use of the Trademark both in the domain name—the internet address—of Defendant's

website and on the actual webpage itself. (Id.) Alternatively, the Motion asks for specific performance of the oral contract, which is essentially identical to the requested injunction. (Id.)

## ANALYSIS

There is no right to a default judgment; the matter is committed to the "discretion of the district court." Hamm v. Dekalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Only where the factual allegations of the complaint, which are assumed to be true, form a sufficient legal basis for the entry of the default judgment, will the Court enter a default judgment. Nishimatsu 515 F.2d at 1206.[2] Therefore, the Court must determine the sufficiency of the allegations in the Complaint before entering judgment.[3] Nike, Inc. v. Lydner, 2008 WL 4426633, at *2 (M.D. Fla. Sept. 25, 2008). The Court considers the claims in turn.

I. Lanham Act Claims

Plaintiff has brought several claims under the Lanham Act, 15 U.S.C. §§ 1051-1128, including claims for trademark

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] If necessary, the Court may hold a hearing to determine damages. Fed. R. Civ. P. 55(b)(2). However, Plaintiff has submitted sufficient evidence to establish damages in this case. Accordingly, no hearing is required.

infringement under 15 U.S.C. § 1114(1)(a) and trademark infringement and unfair competition under 15 U.S.C. § 1125.

In order to prove trademark infringement under 15 U.S.C. § 1114(1)(a), Plaintiff must show that Defendant (1) used the Trademark in commerce (2) without Plaintiff's consent and (3) the unauthorized use "was likely to deceive, cause confusion, or result in mistake." Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc., 303 F.3d 1242, 1248 (11th Cir. 2002). Plaintiff's Complaint, taken as true, clearly establishes these elements. With respect to the first element, Defendant used the Trademark in commerce by operating with a name and website that used and displayed the Trademark for the purpose of selling goods and services. (Doc. 1 ¶ 15, ¶ 67, Ex. B.) With respect to the second element, Plaintiff did not consent in the usage, instead sending a cease and desist notice to Defendant and discussing the problem with Defendant and its lawyers over the telephone. (Id. ¶¶ 17-21.) With respect to the third element, Defendant's use of the Trademark to sell goods and services similar to Plaintiff's under a trade name similar to Plaintiff's is likely to deceive, cause confusion, or result in mistake. (Id. ¶¶ 27, 49, 50, 69, 70, 90, 91.) Indeed, the usage has already resulted in at least one documented mistake: an

individual who was hired, or was seeking to be hired, by the Defendant to sell memberships believed he was working for Plaintiff rather than Defendant. (Id.) Accordingly, Plaintiff's Motion for Default Judgment on this claim is **GRANTED**.

Plaintiff also brought a trademark infringement and unfair competition claim under 15 U.S.C. § 1125. To be entitled to default judgment on this claim, Plaintiff must show "(1) that the Plaintiff had enforceable trademark rights in the mark or name, and (2) that the Defendant made unauthorized use of it 'such that consumers were likely to confuse the two.'" Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 647 (11th Cir. 2007) (quoting Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 106 F.3d 355, 358 (11th Cir. 1997)). Here, the allegations in the Complaint entitle Plaintiff to a default judgment. With respect to the first element, Plaintiff had enforceable trademark rights in the name. To be sure, the Trademark was registered in the Supplemental Register; Plaintiff had spent significant resources to display and advertise the Trademark in connection with its business; the Trademark had acquired a special significance among consumers with respect to Plaintiff's business; and, through its use in Plaintiff's business, the Trademark had

become associated with, and gained value from, the goodwill that Plaintiff had engendered in the hospitality and resort industry. (Doc. 1 ¶¶ 8-23, ¶¶ 62-66, Ex. A.) With respect to the second element, as noted above, the Complaint contains sufficient factual allegations to establish that consumers would confuse the Trademark with Defendant's mark. (Id. ¶¶ 27, 49, 50, 69, 70, 90, 91.) Accordingly, Plaintiff's Motion for Default Judgment on this claim is **GRANTED**.

As relief for these claims, Plaintiff seeks a permanent injunction against Defendant, prohibiting the continued use of the Trademark. (Doc. 14 at 9.) The Lanham Act authorizes this Court to enter permanent injunctions "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a). Further, the Court may enter an injunction when there is a dilution of a mark that has become famous. 15 U.S.C. § 1125(c)(1). To obtain a permanent injunction under equitable principles a party must show that

> (1) it has suffered an irreparable injury; (2) remedies available at law . . . are inadequate to compensate for the injury; (3) considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

<u>Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.</u>, 522 F.3d 1200, 1208 (11th Cir. 2008). By virtue of the default, the following relevant facts are admitted: (1) Plaintiff used the Trademark to "identify its products and services and to distinguish the same from those offered or sold by others;" (2) Plaintiff spent significant resources to display, advertise, and market the Trademark in connection with its business; (3) the Trademark has acquired a special significance with the consuming public as representing the services and products of the Plaintiff; (4) the Plaintiff has established valuable fame, distinctiveness, and goodwill during its existence in the hospitality and resort industry through use of the Trademark; (5) confusion has occurred, and will occur, by virtue of the Defendant's use of the Trademark as part of its business name and on its website; (6) Defendant has not ceased its use of the Trademark despite repeated cease and desist letters; and (7) Defendant's infringement is intentional, willful, deliberate, and in bad faith. (Doc. 1 ¶¶ 61-72.)

Here, Plaintiff meets the requirements for the issuance of a permanent injunction. First, if Defendant is allowed to sell substantially similar products while using Plaintiff's Trademark, the consuming public will become

confused between the brands, undermining Plaintiff's goodwill and reputation now embodied in the Trademark.[4] Second, this violation of Plaintiff's right to exclude third parties from using the Trademark is not compensable through monetary remedies. See eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 395 (2006) (Roberts, C.J., concurring). Third, there is a substantial hardship to the Plaintiff resulting from the unauthorized use of its Trademark, but almost no harm accrues to the Defendant from an injunction because it would simply be required to change its name and website accordingly. Thus, the balance of hardships cuts for granting the injunction. Fourth, there is no concern that the public would be disserved by this injunction.

In light of the above, the Court finds it appropriate to issue the following injunction: Defendant Ultimate Resort Network is **ENJOINED** from using Ultimate Resort Holdings's trademark ULTIMATE RESORT, Registration Number 3223509 on the website http://ultimateresortnetwork.com. Therefore, Defendant is **DIRECTED** to cancel, transfer, or

---

[4] Although the Eleventh Circuit Court of Appeals has held open the question of whether the presumption of irreparable harm in trademark cases has survived eBay Inc. v. MercExchange, LLC, 547 U.S. 388 (2006), the Court has not applied the presumption because it is not necessary to establish irreparable harm in this case. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1228 (11th Cir. 2008). Were the presumption applicable, it would only further strengthen the Court's conclusion.

otherwise change the Defendant's domain name, http://ultimateresortnetwork.com, and website to remove the use of the Trademark.

II. Deceptive Trade Practices Claims

Plaintiff has brought a claim under the Georgia Deceptive Trade Practices Act ("GDTPA"), O.C.G.A. § 10-1-370 et. seq. Under the GDTPA, it is unlawful to cause a likelihood of confusion or misunderstanding as to "the source, sponsorship, approval, or certification of goods or services" or the "affiliation, connection, or association with or certification by another." O.C.G.A. § 10-1-372(a)(2)-(3). Here, the Complaint clearly establishes that Plaintiff invested considerable time and resources in creating fame, distinctiveness, and goodwill in the Trademark; and that Defendant's actions are likely to cause confusion as to the affiliation, connection, association, approval, source, sponsorship, or certification of Plaintiff's products and services. (Doc. 1 ¶¶ 100-111.) Accordingly, Plaintiff's Motion for Default Judgment on this claim is **GRANTED**.

However, in its Motion, Plaintiff does not appear to seek any remedy for this claim. Plaintiff has dropped all claims for monetary damage and seeks the above awarded injunction specifically with respect to the Lanham Act

violations. (See Doc. 14 at 9-12) (asking for injunctive relief under the Lanham Act). Therefore, the Court awards no remedy for this violation.

III. Breach of Contract/Specific Performance

Plaintiff has also brought a claim for breach of contract. (Doc. 1 at 11.) Plaintiff moves for Default Judgment on this claim asserting that "the Complaint properly pleads the essential elements for a breach of contract and the specific performance of that contract." (Doc. 14 at 4.) However, Plaintiff never even mentions the elements of a breach of contract, much less explains how the facts in this case establish these elements. (Id.) "[A] district court judge is neither required nor permitted to become counsel for any party." Baker v. Norman, 651 F.2d 1107, 1129 n.26 (5th Cir. 1981). Therefore, this Court declines to write Plaintiff's Motion for Default Judgment on this issue. Accordingly, Plaintiff's Motion for Default Judgment on this claim is **DENIED**.[5]

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED IN PART** and **DENIED IN PART**. Defendant Ultimate Resort Network is **HEREBY ENJOINED** from

---

[5] The Court notes that any relief granted under this claim would be wholly duplicative of the permanent injunction already warranted because of the Lanham Act violations.

using Ultimate Resort Holdings's trademark ULTIMATE RESORT, Registration Number 3223509, on the website http://ultimateresortnetwork.com. Therefore, Defendant is **DIRECTED** to cancel, transfer, or otherwise change the Defendant's domain name, http://ultimateresortnetwork.com and website so as to remove the use of the Trademark. The **Clerk of Court** is **DIRECTED** to **ENTER JUDGMENT** consistent with this Order and **CLOSE THIS CASE**.

SO ORDERED this 8th day of July, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA